## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Robin Campbell

v.

Thomas Reid, Jr.

March 11, 2003

Case No. CL01-207

BY JUDGE WILLIAM H. LEDBETTER, JR.

After a jury verdict for the defendant, the plaintiff asks the court to set aside the verdict in this personal injury case and to order a new trial.

*Facts*

This case results from injuries suffered by Campbell in a motor vehicle collision on Route 3 near the Spotsylvania-Orange county line on June 17, 1999. The weather was "misty;" it was daylight, and visibility was good. At that location, the road is relatively straight and level.

The posted speed limit is 55 m.p.h. Near the scene, posted for vehicles travelling east on Route 3, is a yellow caution sign marked "40 m.p.h." with a stoplight pictured above it. (Some distance beyond the sign, a stoplight controls traffic at an intersection of Route 3 and Route 20.)

At the site of the collision, Route 3 is a divided four-lane highway. The two eastbound lanes are separated from the two westbound lanes by a grass median. On the day of the accident, the right eastbound lane was closed for construction work. Although no work crew was on the scene at the time, all eastbound traffic was diverted into the left eastbound lane by a line of traffic cones.

Campbell was driving east on Route 3. She was familiar with the area. When she came to the cones, she moved into the left eastbound lane. She said that she took her foot off the accelerator and reduced her speed. On her right was the Locust Grove Post Office. As she approached the post office, Reid, who had driven his car across the gravel parking area of the post office to Route 3, pulled onto Route 3, crossed the closed right eastbound lane, and moved directly in front of Campbell in the left eastbound lane. Campbell applied her brakes, but since she was only a few car lengths away, she struck him in the rear.

These facts are not disputed. The only material fact that is disputed is Campbell's speed. Campbell testified that she was going about 40 m.p.h. when Reid pulled in front of her. This is the estimate she gave the investigating officer after the accident, and it is consistent with the testimony of Thomas A. Cornell, a witness who observed the collision from the post office parking lot. On cross-examination, Campbell conceded that she had told a nurse several days after the accident that she was going about 51 m.p.h. at the time of the collision.

There was no evidence that either driver was impaired by alcohol, drugs, poor health, or visibility.

## Proceedings

The case was tried with a jury on January 30-31, 2003. At the conclusion of all the evidence, Campbell moved the court to find in her favor on the issue of liability and send the case to the jury only on the issue of damages. The court held that Campbell was correct with regard to the negligence of Reid and found that Reid was negligent as a matter of law. However, the court refused to make a similar finding with regard to Reid's claim of contributory negligence and sent that issue to the jury with proper instructions. The jury returned its verdict for Reid.

## Legal Principles

When a motion to set aside the verdict is made on the ground that the verdict is not supported by the evidence, the court must consider all the evidence and must give the prevailing party the benefit of all conflicts in the evidence and all fair inferences that can be drawn from the evidence. *Harris v. Howerton*, 169 Va. 647, 194 S.E. 692 (1938). If there is credible evidence to support the verdict, it must be upheld. *Lane v. Scott*, 220 Va. 578, 260 S.E.2d 238 (1979). The judge does not weigh the evidence; that is the province of the

jury. The guiding principle is not what the judge may think the jury ought to have done, or what the judge would have done had he been sitting as a juror in the case, but whether the jurors, as reasonable and fair-minded people, could have found such a verdict upon the evidence. *Sexton v. Stroman*, 207 Va. 33, 147 S.E.2d 758 (1966); see also 13B M.J., *New Trials*, § 31 et seq.; Bryson, *Virginia Civil Procedure* (3d ed. 1997), pp. 455-59.

Nevertheless, trial judges are empowered to exercise supervision over the verdicts of juries. Verdicts are subject to the control of the courts which, when required, will take action to correct a plainly unfair verdict. *Smithey v. Sinclair*, 203 Va. 142, 122 S.E.2d 872 (1961); also see Friend, *Virginia Pleading and Practice* (1998) § 20-2. A verdict should be set aside where it is so plainly wrong that justice is not being done. A verdict that is plainly wrong on the issue of liability can be set aside. Bryson, *supra*, p. 455.

## Decision

The court erred in failing to strike the defense of contributory evidence. Upon the evidence presented, there was no basis on which the jury could have found that Campbell was negligent or that any negligence on her part proximately contributed to the collision. The only disputed fact, Campbell's speed, makes no difference under the circumstances of this case. Whether Campbell was travelling at 40 m.p.h., 51 m.p.h., or somewhere between, her speed could not have been a proximate cause of the collision because Reid pulled out onto Route 3 directly in front of her without any excuse or justification.

Therefore, the jury must have misunderstood the evidence or the court's instructions or both. To allow the verdict to stand would constitute an unacceptable injustice. The verdict is plainly wrong and without evidence to support it. It must be set aside.

Consistent with Virginia Code § 8.01-430, the court finds as a matter of law that Reid was negligent, that his negligence was the proximate cause of the collision, and that there was no evidence that Campbell was negligent or that any such negligence proximately caused the collision. A jury should be impanelled to assess damages.

Mr. Allen will please prepare and circulate an order setting aside the jury verdict and ordering a new trial on the issue of damages. A new trial date may be obtained from the docket clerk or at a docket call after giving notice by praecipe.